### In re WELLS AVENUE.

(*Supreme Court, General Term, Second Department.* February 11, 1889.)

1. MUNICIPAL CORPORATION—PUBLIC IMPROVEMENTS—SEWERS—ABUTTING OWNERS.
    Where land has been dedicated as a public street in a city, the owner of the fee is entitled to no more than nominal damages for the additional burden imposed by reason of placing a sewer in the street.

2. SAME—CONDEMNATION PROCEEDINGS—PARTIES.
    The owner of the fee in a public street is properly made a defendant in condemnation proceedings for the construction of a sewer in the street; and the city may show just what his interest is and how much he will be damnified.

3. HIGHWAYS—TERMINATION ON NAVIGABLE STREAM—PUBLIC EASEMENT.
    Where a street extends to the navigable waters of a river, any riparian owner who
    fills in in front of the street does so subject to the right of the public to use the fill-
    ing as a part of the street.

Appeal from special term, Westchester county.

Condemnation proceedings by the city of Yonkers for the purpose of taking
a right of way and easement for the construction, maintenance, and repairs
of a sewer in North Broadway and Wells avenue from Ashburton avenue to
the Hudson river, in the city of Yonkers. Appellant, W. F. Lawrence, is the
owner of the fee in a portion of the street, through George Frazier, who
owned the land under water in front of the street, and who dedicated it as
filled in for purposes of a highway. Lawrence was made a party to the pro-
ceedings, and the commissioners awarded him $9,040 as damages. The court
refused to confirm the report, and sent it back with directions to correct it so
as to award Lawrence not more than nominal damages. From this order
Lawrence appeals.

Argued before DYKMAN and PRATT, JJ.

R. E. & A. J. Prime & Burns, for appellant. Joseph F. Daly, for city of
Yonkers. Butler, Stillman & Hubbard, and John W. Alexander, for par-
ties assesssed.

PRATT, J. It is abundantly proved that Wells avenue was laid out in 1856,
and extended to the Hudson River Railroad embankment. Afterwards one
Frazier, the owner of the upland adjoining Wells avenue, obtained from the
people of the state of New York a grant of land under water covering the
land now in question, and filled it in, thus extending the shore line. Subse-
quently, by deed, he dedicated what is now the west end of Wells avenue,
through which the proposed sewer is to be constructed, to public use as a
street or avenue. It is now a familiar principle that where land is condemned
for, or dedicated to, a public use in a city, it is for all the necessary purposes
for which a city may require its use as a public street. Therefore, in no event
could Lawrence be entitled to more than nominal damages for the additional
burden upon the fee by reason of placing a sewer in said avenue. Such has
been the rule in cases where land has been condemned for horse railroads un-
der public streets. It is clear therefore that the *locus in quo* was a public
street by reason of its having been laid out and dedicated, and the damages
were excessive and computed upon an erroneous principle, and the court be-
low was therefore right in sending the case back with proper instructions.

There was nothing inconsistent with this principle contained in the petition.
Lawrence was the owner of the fee of the land in the street subject to the
easement of a public street over the same. He was therefore a proper party
to the proceeding, and it was competent for the city to show exactly what his
interest in the street was and how much he was damnified.

It may also be assumed as fairly proved that Wells avenue at the time it
was laid out extended to low-water mark upon the Hudson river. The pub-
lic therefore had access to the navigable water of the Hudson river, and any
prolongation of the avenue by filling in was subject to the right of the public
to go over the land thus filled in within the street lines to the water. *People
v. Lambier*, 5 Denio, 7. This proposition is so well established that it is un-
necessary to cite authorities.

There is another view taken of the case by the respondents, to-wit, that no
one except the people of the state ever owned the land embraced in Wells ave-
nue at the terminus on the river front until 1869. But it is unnecessary to
discuss the conclusions that follow from this statement, as there is sufficient
in the case to sustain the order appealed from. Whatever may have been
Frazier's title, the fact that Wells avenue extended to the navigable waters of
the river rendered any filling in an unlawful obstruction of a public easement.

Any riparian owner who undertook to fill in in front of the existing street did so subject to the right of the public to use the same as a public street, and this right, as before stated, included the right to extend a sewer under the same. The order must be affirmed, with costs and disbursements. All concur.